# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CODY LINDEN**  PLAINTIFF

V.  NO. 4:19CV00545 BSM/JTK

**ANDREW SAUL,**
**Commissioner of Social Security Administration[1]**  DEFENDANT

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction:

Plaintiff, Cody Linden, applied for disability benefits on July 13, 2017, alleging a disability onset date of March 1, 2016. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 21). The Appeals Council denied his request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner. Linden has requested judicial review.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II. The Commissioner's Decision:

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

The ALJ found that Linden had not engaged in substantial gainful activity since the alleged onset date of March 1, 2016. (Tr. at 13). At Step Two, the ALJ found that Linden had the following severe impairments: gastroparesis and adjustment disorder. *Id.*

After finding that Linden's impairment did not meet or equal a listed impairment (Tr. at 13-14), the ALJ determined that Linden had the residual functional capacity ("RFC") to perform the full range of work at all exertional levels, except that: (1) he is limited to unskilled work with simple tasks, simple instructions, and only incidental contact with the public; and (2) he needs to work with supervision that is direct and concrete. (Tr. at 15). The ALJ determined that Linden unable to perform any past relevant work. (Tr. at 19). Relying upon the testimony of the Vocational Expert ("VE") at Step Five, the ALJ found that, based on Linden's age, education, work experience and RFC, jobs existed in the national economy which he could perform. (Tr. at 20). Consequently, the ALJ found that Linden was not disabled. *Id*.

## III. <u>Discussion</u>:

### A. Standard of Review

The Court's role is to determine whether the Commissioner's findings are supported by substantial evidence. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). "Substantial evidence" in this context means less than a preponderance but more than a scintilla. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009). In other words, it is "enough that a reasonable mind would find it adequate to support the ALJ's decision." *Id.* (citation omitted). The Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. The Court cannot reverse the decision, however, "merely because substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (quoting

*Johnson v. Chater*, 87 F.3d 1015, 1017 (8th Cir. 1996)).

    B.   Linden's Arguments on Appeal

Linden argues that substantial evidence does not support the ALJ's decision to deny benefits. He contends that the ALJ erred because his determination lacked any supporting opinion evidence. For the following reasons, the Court agrees with Linden.

Linden suffered from severe gastroparesis, which the ALJ found to be a severe impairment. (Tr. at 13). While this condition caused vomiting and diarrhea, weight loss, and abdominal pain, and while the condition did not respond to multiple medications, the non-examining agency doctors found that Linden's gastroparesis was not severe. (Tr. at 70-71, 80-81, 390-399, 536, 626). These opinions issued in 2017, over a year before the ALJ issued his decision, which meant the opinions did not consider more recent medical evidence. And the first doctor admitted that he based his decision on a record with "no medical opinion from any source." (Tr. at 70-71). Likewise, the agency opinions stated that "No RFC/MRFC assessments are associated with this claim." (Tr. at 70-82). The Court is left to wonder why the ALJ inserted his own medical opinion to find gastroparesis to be a severe impairment, when no other medical opinion exists in the record. An ALJ is forbidden from "playing doctor," or making his own independent medical findings with no support from the record. *See Pate-Fires v. Astrue*, 564 F.3d 935, 947 (8th Cir. 2009).

Because the non-examining opinions issued well before the end of the relevant time-period, the ALJ should have further developed the record by obtaining a consultative examination. The ALJ further compounded the problem by not assigning any physical restrictions in the RFC, when the records showed gastroparesis was severe and unresponsive to treatment. For a man who had such frequent bowel and stomach problems, ready use of a restroom would have made sense as an

RFC limitation. But without a current medical opinion about RFC restrictions and without an opinion that addressed gastroparesis as a severe impairment, the Court cannot say the ALJ's RFC decision was based on substantial evidence. Further development of consultative or treating opinions was required.

**IV. <u>Conclusion</u>:**

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ's decision lacked supporting medical evidence, and the RFC did not fully incorporate all of Linden's limitations.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 9th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE